IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SALtech Corporation,

    Plaintiff

Vs.                                                    No. 1:10-cv-00945  JOB/DJS

CH2M HILL, Inc., et al.,

    Defendant

**ANSWER OF CH2M HILL, INC.**

Defendant CH2M HILL, Inc. (hereinafter "CH2M"), by and through its attorneys of record, Rodey, Dickason, Sloan, Akin & Robb, P.A. (DeWitt M. Morgan), answers Plaintiff's Complaint as follows:

**Parties, Jurisdiction and Venue**

1. Admitted that SALtech is a registered New Mexico company. Otherwise denied.

2. Admitted.

3. Admitted that CH2M is registered in New Mexico and that its registered agent is CT Corporation. Otherwise denied.

4. Admitted that it designs municipal water systems. Otherwise denied.

5. No response required as this allegations set forth in this paragraph relate solely to Hach Company (hereinafter "Hach").

6. No response required as this allegations set forth in this paragraph relate solely to Hach.

7. No response required as the allegations set forth in this paragraph relate solely to Hach.

**Jurisdiction and Venue**

8. Admitted.

9. Admitted that the Court has personal jurisdiction as CH2M maintains an office in New Mexico and that it participated in design aspects of the San Juan-Chama Diversion Project. Otherwise denied.

10. No response required as the allegations set forth in this paragraph relate solely to Hach.

11. Admitted.

**Background**

12. Admitted that the face of U.S. patent No. 6,919,019 B2 (hereinafter the "'019 Patent"): states that the patent was granted on July 19, 2005; identifies the title as "Laser Water Detection, Treatment and Notification System and Methods"; identifies Anthony M. Baca, Louis M. Ortiz, Thomas A Crow and Donald W. Wichers as the inventors; and that a copy of the '019 Patent is attached to the Complaint. Otherwise denied.

13. Admitted that the face of the '019 Patent identifies SALtech as the assignee. Otherwise denied.

14. Denied. Admitted that an Exhibit B is attached to the Complaint but, to the extent such exhibit sets forth additional allegations, such allegations are denied.

15. Denied.

16. No response required as the allegations set forth in this paragraph relate solely to Hach.

17. No response required as the allegation set forth in this paragraph relates solely to Hach.

18. As to CH2M, admitted that SALtech sent a letter to it dated March 4, 2005. Otherwise denied. To the extent that this paragraph also sets forth allegations with regard to Hach, no response is required.

19. Denied.

20. As to CH2M, denied, including denying that it needed any authorization or license from SALtech. To the extent that this paragraph also sets forth allegations with regard to Hach, no response is required.

## Count I
## Infringement of the '019 Patent – 35 U.S.C. § 271

21. CH2M hereby incorporates by reference each and every response to the allegations set forth in paragraphs 1 – 20, inclusive.

22. As to CH2M, denied. To the extent that this paragraph also sets forth allegations with regard to Hach, no response is required.

23. As to CH2M, denied. To the extent that this paragraph also sets forth allegations with regard to Hach, no response is required.

## General Denial

Except to the extent specifically admitted, or that no response is required as particular allegations apply to Hach, all allegations are denied.

## First Affirmative Defense
## (Failure to State a Claim)

The Complaint fails to state claims against CH2M upon which relief can be granted.

### Second Affirmative Defense
### (Invalidity Under 35 U.S.C. § 102)

Claim 17 of the '019 Patent, the only claim on which infringement is alleged, is invalid for failure to meet at least one of the requirements for patentability set forth in 35 U.S.C. § 102.

### Third Affirmative Defense
### (Invalidity Under 35 U.S.C. § 103)

Claim 17 of the '019 Patent is invalid for failure to meet at least one of the requirements for patentability set forth in 35 U.S.C. § 103.

### Fourth Affirmative Defense
### (Invalidity Under 35 U.S.C. § 112)

Claim 17 of the '019 Patent is invalid for failure to meet at least on the requirements for patentability set forth in 35 U.S.C. § 112.

### Fifth Affirmative Defense
### (35 U.S.C. § 287)

Plaintiff's claims for relief are barred, in whole or in pat, pursuant to 35 U.S.C. § 287.

### Sixth Affirmative Defense
### (Unenforceability)

The '019 Patent is unenforceable.

### Seventh Affirmative Defense
### (Inadequate Investigation)

Plaintiff failed to conduct an adequate investigation of the products and services of CH2M before suing CH2M for patent infringement.

### Seventh Affirmative Defense
### (Reservation of Rights)

CH2M reserves the right to assert any additional defenses for which further investigation or discovery provides sufficient evidence to assert.

## COUNTERCLAIMS

### The Parties, Jurisdiction and Venue

1. Counterclaimant CH2M is a corporation organized under the laws of the State of Florida, having its principal place of business in Colorado.

2. Counterclaim defendant SALtech has represented in a pleading filed with this Court that it is a New Mexico corporation with its principle place of business in Albuquerque, NM.

3. Subject matter jurisdiction in this Court is based on 28 U.S.C. §§ 2201(a), 1338(a) and 1331.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(b).

5. The counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 – 2202 and the patent laws of the United States, 35 U.S.C. § 101 et seq.

6. Plaintiff and counterclaim Defendant SALtech has charged CH2M with, and is in fact suing, CH2M in this Court for having committed alleged acts of infringement of claim 17 of the '019 Patent. A justiciable controversy exists between the Counterclaim Defendant SALtech and CH2M concerning the alleged liability of CH2M, as well as the enforceability, validity and scope of the '019 Patent.

### First Counterclaim
### Declaratory Judgment of Non-Infringement

7. CH2M restates all the allegations of Paragraphs 1 – 6, inclusive of the Counterclaim.

8. CH2M does not infringe claim 17 of the '019 Patent under 35 U.S.C. § 271.

## Second Counterclaim
### Declaratory Judgment of Invalidity

9. CH2M restates all of the allegations of Paragraphs 1 – 8, inclusive of the Counterclaim.

10. Claim 17 of the '019 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 102.

11. Claim 17 of the '019 Patent is invalid for failure to comply with one or more conditions of the conditions for patentability set forth in 35 U.S.C. § 103.

12. Claim 17 of the '019 Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. § 112.

### DEMAND FOR JURY

CH2M requests a trial by jury for all claims that permit a jury trial in this action.

### PRAYER FOR RELIEF

Wherefore, CH2M prays for the following relief:

1. That the Complaint, insofar as it asserts claims against CH2M, and all claims asserted against CH2M be dismissed with prejudice.

2. That the Plaintiff take nothing against CH2M by its Complaint.

3. That the Court enter judgment that:

    a. CH2M has not infringed claim 17 of the '019 Patent; and

    b. Claim 17 of the '019 Patent is invalid and/or unenforceable.

4. That CH2M be awarded its reasonable costs and attorney's fees.

5. That the Court award CH2M any other such relief as the Court deems just and proper.

Dated this 15th day of December, 2010.

                                              Rodey, Dickason, Sloan, Akin & Robb, PA

                                              By  /DeWitt M. Morgan/_____
                                                  DeWitt M. Morgan
                                                  Todd E. Rinner
                                                  Gina T. Constant

                                              201 Third St. NW
                                              Suite 2200
                                              Albuquerque, NM 87102
                                              Telephone:  505-768-7375
                                              Fax:  505-768-7395
                                              dmmorgan@rodey.com